IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANY MARTINEZ-TORRES, | : |
| Petitioner | : |
| v. | : Case No. 3:25-cv-136-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, *et al.*, | : |
| Respondents | : |

<u>Memorandum Order</u>

  Petitioner Martinez-Torres, an inmate at F.C.I. Loretto, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241. ECF no. 1. The respondent filed a response at ECF no. 8. For the reasons explained below, the petition is denied.

  Martinez-Torres is serving a sentence after conviction on his counseled guilty plea in the Northern District of Illinois in <u>United States v. Martinez-Torres</u>, Case No. 1:22-cr-571 (N.D.Ill. July 15, 2024). *See* Response Exhibit 4, Judgment and Commitment Order. Judge Seeger sentenced Martinez-Torres to 64 months imprisonment followed by a 3-year term of supervised release on Count Two of an indictment (attached to the Response at Exhibit 2) that charged petitioner with distribution of a controlled substance, "namely, 400 grams or more of a substance containing a detectable amount of fentanyl," in violation of 21 U.S.C.§ 841(a)(1). The Plea Agreement spelling out the offense conduct is attached to the Response as Exhibit 3. With credit for time served and assuming no loss of Good Conduct time, the Bureau of Prisons projects Martinez-Torres' release date as September 16, 2028. Response, Exhibit 1 (Jensen Declaration ¶3).

  Martinez-Torres asserts in his habeas corpus petition that the Bureau of Prisons is illegally refusing to apply to his sentence a quantity of earned time credits (ETC) for programming completed under the applicable provisions of the First Step Act of 2018, Pub.L.No. 115-391, 132 Stat. 5208 (December 21, 2018). The First Step Act amended 18 U.S.C.§ 3621 to require the Bureau of Prisons to create or expand programs that will reduce the risk of recidivism by persons convicted of federal offenses, and to award eligible inmates who participate in these programs credits that can be applied toward time in prerelease custody or supervised release.

  As I stated in <u>Rodriguez v. Peters</u>, No. 3:24-cv-43-SLH-KAP, 2024 WL 5483303, at *1 (W.D. Pa. June 10, 2024), *report and recommendation adopted at* ECF no. 15 (W.D.Pa. July 29, 2025):

   Not all inmates who earn ETCs by taking recidivism-reducing programs are eligible to have ETCs applied to their sentences. In general, to be eligible to have

1

ETCs applied, an inmate must adhere to certain conduct requirements. *See* 18 U.S.C. § 3624(g)(1)(B); *see also* 28 C.F.R.§ 523.44 (an inmate can have ETCs applied if the inmate has "[m]aintained a minimum or low recidivism risk through his ... last two risk and needs assessments"). Also, inmates who are nationals of other countries and who have a final order of removal are also not eligible to have ETCs applied. 18 U.S.C.§ 3632 (d)(4)(E).

> **The exclusion relevant here is the provision in the FSA that makes inmates with convictions for certain offenses deemed incompatible with recidivism reduction ineligible to have ETCs applied. Those offenses are listed by reference to section, subsection, or in some cases paragraph within subsection, at 18 U.S.C. § 3632(d)(4)(D)("A prisoner is ineligible to receive [ETC] … if the prisoner is serving a sentence for a conviction under any of the following provisions of law[.]")**

(my emphasis). The precise nature of Martinez-Torres' offense of conviction is important because Subsection 3632(d)(4)(D)(lxvi) makes ineligible for application of ETCs an inmate serving a sentence for conviction where the penalty is specified by 21 U.S.C.§ 841(b)(1)(A)(vi) or (B)(vi) - an (A)(vi) offense involves 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (or 100 grams of any analogue of fentanyl) and a (B)(vi) offense involves 40 grams or more of a mixture or substance containing a detectable amount (or 10 grams respectively of any analogue) of fentanyl – without any requirement that the offender be an organizer, leader, manager, or supervisor, while Subsection 3632(d)(4)(D)(lxviii) makes ineligible those serving a sentence for conviction under 21 U.S.C.§ 841(b)(1)(A) or (B) for any detectable amount of fentanyl or its analogues, **but only if** the sentencing court finds the offender was an organizer, leader, manager, or supervisor. There is no disagreement that petitioner was not sentenced as a leader or organizer. Martinez-Torres argues that 18 U.S.C.§ 3632(d)(4)(D)(lxviii) therefore is the applicable section and he is eligible to have ETCs applied.

The text of the relevant disqualifying sections of 18 U.S.C.§ 3632(d)(4)(D) is reproduced below:

> **(lxvi)** Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.
>
> **(lxviii)** Subparagraph (A) or (B) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1) or (2) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture,

distribute, or dispense, a controlled substance, or knowingly importing or exporting a controlled substance, if the sentencing court finds that--

    **(I)** the offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof; and

    **(II)** the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

Judge Seeger did not, in the J&C, specify the subsection of 21 U.S.C.§ 841(b)(1)(A)(vi) or (B)(vi) that was applicable to Martinez-Torres' plea to violating 21 U.S.C.§ 841(a), and as noted above the indictment itself cited the substantive section of the statute but not the penalty provisions. Not every piece of paper in a case must contain all the statutory citations applicable to the case. Examination of the J&C makes it clear that Martinez-Torres pleaded guilty to the offense described in Count II, which all by itself specifies a quantity disqualifying him from application of ETCs under Subsection 3632(d)(4)(D)(lxvi). In the Plea Agreement, Martinez-Torres also agreed that the offense conduct included his possession of three separate parcels of fentanyl, one (October 7, 2022) weighing 12.26 grams, one (October 28, 2022, vehicle) weighing 1,978.5 grams, and one (October 28, 2022, garage) weighing 1,994.9 grams. That total amount also makes Subsection 3632(d)(4)(D)(lxvi) the applicable subsection, and disqualifies petitioner from having ETCs applied regardless of the presence or absence of any role enhancement.

    This is a final appealable order. The Clerk shall mark this matter closed.

DATE: December 3, 2025

                                        Keith A. Pesto,
                                        United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Dany Martinez-Torres, Reg. No. 29200-510
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630